**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**FRANK WORTHEN** *et al.*,

       **Plaintiffs,**

vs.                                     Case No.  3:05-cv-1118-J-16MMH

**CRACKER BARREL OLD COUNTRY**
**STORE, INC.** *et al.*,

       **Defendants.**
_____/

## ORDER

Before the Court are Defendant's Motion for Summary Judgment (the "Motion")(Dkt. 23) and Plaintiffs' Amended Memorandum of Law in Opposition to Defendant's Motion (the "Amended Response") (Dkt. 24).[1]

Plaintiffs filed suit against Defendant for negligence and loss of consortium. Plaintiffs claim that on August 12, 2005, Plaintiff, Mr. Frank Worthen sustained injuries when he slipped and fell while exiting Defendant's building, which Defendant operates as a restaurant and gift shop. Specifically, Plaintiffs claim that a "defect in the rug or carpet amounted to a dangerous condition" that impeded Mr. Worthen's "ability to exit the restaurant." (Dkt. 24 at p. 4). Defendant denies that it was negligent. Plaintiff, Ms. Mary Frances Worthen seeks damages for loss of consortium.

Defendant argues in its Motion that there are no issues of material fact requiring jury consideration and that no reasonable jury could enter a verdict in favor of Plaintiffs on the facts as established by the record. Plaintiffs counter that Defendant's Motion should be denied because there

---

[1] Defendant, CBRL Group, Inc, the holding company of Cracker Barrel Old Country Store, Inc., was dismissed from the case on December 27, 2006 (Dkt. 19) leaving Cracker Barrel Old Country Store, Inc. as the sole Defendant.

are genuine issues of material fact that a jury must weigh. For the reasons that follow, the Defendant's Motion (Dkt. 24) is **DENIED**.

**I.      Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©). Initially, the moving party bears the burden of showing the Court, by reference to materials on file, that there is an absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if it might affect the outcome of the lawsuit and a dispute about a material fact is "genuine" when there is sufficient evidence for a reasonable jury to return a verdict in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When the moving party has met its burden, the non-moving party must then "go beyond the pleadings" and cite to specific facts that show a genuine issue for trial through an affidavit, depositions, answers to interrogatories or admissions on file. Celotex Corp., 477 U.S. at 324.

In determining whether to grant summary judgment, the Court must view the evidence and inferences drawn from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988); WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988). The Eleventh Circuit explained in Lee that:

> In deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they

2

> reasonably may be drawn from the facts. When more than one inference can be reasonably drawn, it is for the trier of fact to determine the proper one.

Id.

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. See Augusta Iron & Steel Works, Inc., 835 F.2d at 856. In ruling on a motion for summary judgment, the Court does not weigh conflicting evidence or make credibility determinations. Stewart v. Booker T. Washington Insur., 232 F.3d 844, 850 (11th Cir. 2000).

## II.   Undisputed Facts

Defendant is the owner in possession of a building located at 4272 Eldridge Loop, Orange Park, Clay County, Florida that is used as a restaurant and gift shop doing business as Cracker Barrel Old Country Store, Inc. (hereinafter the building and restaurant are collectively referred to as "Cracker Barrel"). On August 12, 2005, Plaintiffs, Frank and Mary Frances Worthen ate lunch at Cracker Barrel. (Frank Worthen Depo. at 7:9-20). After eating and while attempting to exit Cracker Barrel, Mr. Worthen fell. (Frank Worthen Depo. at 9:21-23). At the time of Mr. Worthen's accident, a Cracker Barrel employee, Ms. Jennifer Boyden, was washing Cracker Barrel's windows as part of her "hostess duties." (Boyden Depo. at 6:5 and 7:20-23).

## III.   Analysis

Defendant contends that it is entitled to summary judgment because "there was no dangerous condition at Cracker Barrel, and the [P]laintiffs' inability to get their own story straight is insufficient to create an issue of fact precluding summary judgment." (Dkt. 22 at p. 5). Plaintiffs respond that Defendant's Motion "fails to show how there is no genuine issue as to any material fact.

3

Instead, Cracker Barrel's arguments actually show that there is a material fact issue." (Dkt. 24 at p. 3).

As a preliminary matter, the Court notes Plaintiffs' citation to Fla. Stat. § 768.0710 enacted in May 2002, by the Florida Legislature.[2] Under this statute, a plaintiff in a civil action for negligence "involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises" has the burden of proving the following:

> (a) The person or entity in possession or control of the business premises owed a duty to the claimant;
>
> (b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim. However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and
>
> (c) The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.

As Plaintiffs noted in their Amended Response, Fla. Stat. § 768.0710 eliminated the actual or constructive knowledge requirement as an element of proof. The statute expressly states that

---

[2] Prior to the decision in <u>Owens v. Publix Supermarkets, Inc.</u>, 802 So. 2d 315 (Fla. 2001), resolution of cases involving "slip and falls" on foreign substances largely revolved around whether the plaintiff could establish that the premises owner had constructive knowledge of the foreign substance. <u>Id.</u> at 323. In <u>Owens</u>, the Florida Supreme Court altered the traditional rules of premises liability in cases involving "transitory foreign substances." The Court shifted the burden of proving the exercise of reasonable care onto the defendant once the plaintiff established that he fell as a result of a transitory foreign substance. <u>Id.</u> at 331. In so doing, the Court created a rebuttable presumption of liability in favor of the Plaintiff. <u>Id.</u> The Court eliminated "the specific requirement that the customer establish that the store had constructive knowledge" of the existence of the foreign substance in order for the case to be put to a jury. <u>Id.</u>  This decision changed the focus from whether the premises owner had actual or constructive knowledge of the foreign substance to whether the premises owner exercised reasonable care in the maintenance of the premises. <u>Id.</u> Shortly following the <u>Owens</u> decision, however, the legislature promulgated Fla. Stat. § 768.0710 and removed the burden shifting put in place by the Florida Supreme Court.

actual or constructive notice of the transitory foreign object or substance is not a required element for claims covered by the statute but that it may be considered "along with all of the evidence." Fla. Stat. § 768.0710(2)(b). Under Fla. Stat. § 768.0710, the focus is instead on whether Defendant exercised reasonable care in maintaining its premises.

The Court does not address the question of whether Fla. Stat. § 768.0710 is relevant to a fall on or over a "permanent" (using Plaintiffs' description) rug or mat. The issue before the Court, summary judgment, rather, is whether a dangerous condition existed when Mr. Worthen fell. Plaintiffs' discussion regarding actual or constructive notice is not relevant therefore to the issue before the Court at this point in the litigation.

After reviewing the deposition and affidavit testimony provided, the Court finds that based on the differing testimonies of Ms. Worthen and Ms. Boyden as to whether or not a dangerous condition was present when Mr. Worthen fell is a fact in dispute in this case.

Ms. Worthen testified at length about what caused Mr. Worthen to fall. Specifically, the pertinent part of Ms. Worthen's deposition testimony read as follows:

> Q: Okay. And so could you tell what caused him to fall?
>
> A: He stubbed his toe or right foot there, this is – his toe and the force of pushing that door – it gets a little bit heavy and we were talking, still talking, he pushed it and then he pushed to get going. It was not so much that the door was – something was impeding his going out, and when he did that, out he went.

(Mary Frances Worthen Depo. at 8:22-9:5).

Ms. Worthen further testified that:

> . . . right here is your doorstop, right before it was a rough of rug just so big, and when I looked on the far side, it was up like this off the floor, and I think what – how it got loose – they really need to tack that down, and evidently the end of that toe – shoe as he – he was hitting that instead of the door, and that's what created the force, because he wanted out that door.

(Mary Frances Worth Depo. at 10:12-19).

When asked about the "rug," Ms. Worthen testified that it was permanent carpeting "as far as I know." (Mary Frances Worthen Depo. at 13:2-8). Ms. Worthen was also asked:

> Q: Well so how obvious was the carpet that needed to be tacked down? Was it – did it seem like it was apparent danger?
> A: You would have to look for it, you know. If you looked and you would see. I would imagine that they would have somebody every morning check it. I don't know that, but . . . .

(Mary Frances Worthen Depo. at 12:20-13:1).

Defendant relies on the deposition testimony of former Cracker Barrel hostess, Ms. Jennifer Boyden and affidavit testimony from Mr. Elvin Hartung, an Associate Manager for Cracker Barrel, to refute Plaintiffs' contention that a dangerous condition existed when Mr. Worthen fell.

Ms. Boyden's deposition testimony is not a model of clarity or consistency. According to Ms. Boyden, she was cleaning Cracker Barrel's windows near where the accident occurred, although her testimony is less than clear as to her positioning at the time of the accident. (See e.g., Boyden Depo. at 34:10-35:20). When asked to describe Cracker Barrel's mats, their location and position when Mr. Worthen fell, Ms. Boyden offered the following testimony:

> Q: And describe to me the mats.
> A: Just big black mats.
> Q: And where were those mats located?
> A: In the front of the doors. Like when you walk in, there's the mat – when you walk in, there's the mat and the door, then the mat and the door.
> Q: So there's mats in front of both sets of doors, outside and inside?
> A: Yeah.
> Q: And where was Mr. Worthen standing when he fell, between which set of doors?
> A: He wasn't standing. He was just walking.
> Q: Where was he walking?
> A: He was walking out. If you're inside, he was walking out, not the first, but the second set of doors.
> Q: So he was basically opening the outside door to walk out to the outside?

6

| | |
|---|---|
| A: | Yes. |
| Q: | And did you see him fall? |
| A: | Yes. |
| Q: | Did he trip over anything? |
| A: | Well, I had seen the very last – not like a he was falling as he – basically at the end of the fall. |
| Q: | Okay. |
| A: | But I had just been out there cleaning the windows. |
| Q: | Okay. |
| A: | You know, there's like a mat that supposed to be flipped up or something that wasn't flipped up. |
| Q: | So you had just been out cleaning the windows – |
| A: | I was just out there cleaning windows. |
| Q: | – and the mat was flat, both mats? |
| A: | Well, because I was out there, I would have kicked it over. And they're like mats that are – they like go narrow, like to where it's hard for them to get flipped. |
| Q: | Okay. |
| A: | You know what I am saying. Like it goes down to a slant, so it goes really close to the ground. |
| Q: | So it would be hard for them to get kicked up? |
| A: | Of course, it probably wasn't like that. |
| Q: | So you didn't actually see him fall, you just saw him on the ground? |
| A: | Right. |
| Q: | Is that correct? Okay. And was the mat ruffled when he fell? |
| A: | No. |
| Q: | It was still flat? |
| A: | Yeah, it was flat. |

(Boyden Depo. at 8:23-10:25).

Ms. Boyden's testimony is internally inconsistent. First she testifies that the mat "probably" was not "kicked up," however, later she says definitively that the mat was flat. What is unclear is in what state the mat was when Mr. Worthen fell, that is, whether or not a dangerous condition existed.

Mr. Hartung's testimony, although informative, is also not dispositive on the "dangerous condition" issue before the Court. Contrary to Plaintiffs' testimony that the rug at issue was "permanent" and that is was pulled up in the corner, Mr. Hartung testified that Cracker Barrel has "never had wall to wall carpeting" and that the "only floor covering located in the entrance to the

7

restaurant is a large, black rubber mat that is approximately six feet long by three and a half to four feet wide." (Dkt. 22, Ex. C, Hartung Aff. ¶ 5). Mr. Hartung further testified that <u>after</u> Mr. Worthen fell, "the mat located outside of the door was lying flat." (Dkt. 22, Ex. C, Hartung Aff. ¶ 6 (emphasis added)). The factual issue is not therefore resolved by the pleadings and testimony to date. That issue remains: "was there a dangerous condition present that caused Mr. Worthen to fall when exiting Cracker Barrel?" Based on the conflicting testimony of Ms. Worthen and Defendant's witnesses, Defendant has failed to show on this point that there is an absence of a genuine issue of material fact. Accordingly, it is **ORDERED** that Defendant's Motion (Dkt. 22) is **DENIED**.

    **DONE AND ORDERED** in Chambers at Jacksonville, Florida on this 18th day of January 2007.

_____
JOHN H. MOORE II
United States District Judge

Copies to: Counsel of Record